MASTIN HUNTER, Appellant, v. W. N. BULL et ux., Appellees.

Partnership: ACCOUNTING : EVIDENCE.

*Appeal from Dickinson District Court.* — HON. GEORGE H. CARR, Judge.

SATURDAY, OCTOBER 25, 1890.

ACTION in equity for an accounting and settlement of an alleged partnership in the distillery business which plaintiff claims existed between him and Angevine Bull. The claim of defendants is that Angevine Bull was not at any time a partner of the plaintiff, and that nothing is due to the plaintiff on account of said distillery business, nor on any other account. There was a full trial on the merits, and a decree dismissing the petition. Plaintiff appeals.

*J. W. Corey*, for appellant.

*A. E. Clark* and *R. M. Wright*, for appellees.

ROTHROCK, C. J.—It appears from the evidence that there was at one time a whiskey distillery in operation in Webster county, and that it was owned and the business carried on by a partnership known by the firm-name of Bull & Hunter. The plaintiff claims that Angevine Bull was a partner, and the defendant denies this, and claims that W. A. Bull was the partner. The evidence upon this question is quite voluminous. We have carefully examined the whole record in this court, and reach the conclusion that the averment that Angevine Bull was a member of the partnership is not established. As the question is one purely of fact, we do not think it important to set out the testimony of the witnesses, or give reasons for our conclusions. It may not be improper to say further that, even if it should be held that a partnership existed between the plaintiff and Angevine Bull, a fair statement of the affairs of the partnership would not show that plaintiff is entitled to recover. AFFIRMED.